## JAMES M. STONE *v.* BARTON HEARN.

**Principal and Agent—Payment of Funds in Agent's Hands in Reasonable Time**
Where an agent undertakes to pay money to his principal, when convenient or as soon as practicable, he is bound to pay in a reasonable time, without regard to the happening of a contingency, where none is actually or constructively specified in the contract.

**Same.**
Held, that the waiting by plaintiff from March to the January following was a reasonable time.

APPEAL FROM SCOTT CIRCUIT COURT.

January 10, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This action was instituted by appellee against appellant for the recovery of money which as the attorney in fact, the latter had in his hands belonging to the former.

After pleading an alleged indebtedness to him on the part of appellee for boarding, keeping house, etc., as a counter claim *pro tanto* to the amount sued on, as a further defense appellant alleges that in part consideration of his services as agent, appellee agreed in writing with him, before the institution of this action, that *"he might have his own* time within which to pay him whatever he might have in his hands as agent aforesaid," and then avers that he would not select the time of filing his answer as the time to pay over the money he owes to plaintiff as he believes it is not even to the interest of plaintiff in his condition to take the money out of defendant's hands.

The court below rendered judgment in favor of appellee for the amount sued for and not covered by appellant's counter claim, treating it as not contested by the answer. And from that judgment this appeal is prosecuted.

It is insisted by counsel for appellant that even if the answer was insufficient and failed to present a good defense to the whole cause of action set out in the petition, that the court should not

have disregarded it, unless it had been demurred to, the defects pointed out, and thereby offered appellant an opportunity to amend his defective pleading. It has often been decided by this court that if a defendant files an answer presenting no defense to the action, or only a partial defense, that the plaintiff may take judgment for the whole of his demand, or for such part as is not contested by a sufficient answer without demurring, since it is the business of the defendant to present a good defense, if he has one, and if he fails to do so, he has no right to look to his adversary to point out to him the defects in his pleading to enable him to defeat his own action. And so if a plaintiff fails to set forth in his petition facts sufficient to constitute a cause of action, the court might, upon motion of defendant, dismiss it, without demurrer. Nor could such motion be more prejudicial to the party than a demurrer would be, because the defaulting pleader would have the same right to amend his pleading as if the same had been demurred to.

Next, did the stipulation in writing, executed by appellee to appellant, of date March 9, 1868, and relied on in the answer, confer on appellant the right to withhold payment so long as he chose to do so, or during his life?

This we think is not an open question according to the reasonable rule well settled, a promise, or obligation, to pay money, no time fixed when it is due, and payable at the date of the undertaking, so also if one undertakes to pay money when convenient, or as soon as practicable, or as soon as he can and upon other vague and undefined conditions, or at an indefinite period, he is bound to pay within a reasonable period, at least after the promise, if not forthwith, and without regard to the happening of any contingency, or event whatever, where none is specified in the contract, actually or constructively.

The same principle is recognized in *Hicks vs. Shouse, 17 B. M., 483,* and in the late case of *Cecil vs. Welch, 2 Bush, 168.*

In this case appellee waited from the 9th of March to the 6th of January following, a period of about ten months before he commenced his action, which was a reasonable time allowed appellant to prepare to pay the money, the same length of time deemed reasonable by this court in *Brannin vs. Henderson, supra.*

Wherefore the judgment must be *affirmed.*

*Darnaby,* for appellant.

*Buckner,* for appellee.